UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------------X
JOHN DOE,                                       :
                                                :
                     Plaintiff,                 :    Civ. No. 15-cv-00144-S-LDA
                                                :
                                                :
      -against-                                 :
                                                :
BROWN UNIVERSITY                                :
  in Providence in the State of Rhode Island    :
  and Providence Plantations,                   :
                                                :
                     Defendant.                 :
------------------------------------------------------------X

### STIPULATED PROTECTIVE ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, the parties agree that the entry of this Protective Order as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information (including, but not limited to, student discipline records and related audio-recordings and records, and any records protected under FERPA, and medical records protected under HIPPA), or (b) that contains information received in confidence from third parties, or (c) that contains confidential business information, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony shall mark the same

1

with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or the parties, or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties;

   b. Outside experts, investigators or consultants retained by the parties for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and Court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the deponent agrees to maintain the confidentiality of the information, document or thing designated Confidential and use or refer to same only in the context of this lawsuit, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed, and comply with, the non-disclosure agreement in the form attached as **Exhibit A**;

    g.    The authors and the original recipients of the documents;

    h.    The parties to this lawsuit and every employee, director, officer, or manager of Defendant Brown University, but only to the extent necessary to further the interest of Defendant Brown University in this litigation;

    i.    The mother and father of Plaintiff, provided they have signed, and comply with, the non-disclosure agreement in the form attached as **Exhibit A**; and

    j.    Others identified by an Order of the Court in this action for this purpose.

    4.    Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or the party asserting confidentiality waive the claim of confidentiality in writing, or (b) the Court orders such disclosure. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

    5.    With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by written agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition

are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

6. "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel in accordance with Local Rule Gen. 102 or appropriately redacted and marked in the same manner as described in paragraph 1 or paragraph 8. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties or an unrepresented party to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

8. If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Protective Order in either designating the document as "Confidential," redacting the document as appropriate, or submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as

"Confidential" then the non-designating party shall file the document either using pseudonyms, submitting the documents under seal, or utilizing appropriate redactions. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

9. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

10. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11. Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 3, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

12. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conference, the designating party must assess whether redaction is a viable alternative to complete

non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13. Notwithstanding the designation of an item as Confidential according to the terms herein, in accordance with the scope of discovery contemplated by Rule 26 of the Federal Rules of Civil Procedure, the parties will produce all relevant records, documents, statements and other communications and/or information of any sort with respect to the underlying matter, including but not limited to non-party statements.

14. Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

15. Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

16. This Protective Order shall not constitute a waiver of any party's or non-party's right to object to or oppose any discovery request or object to the admissibility of any document, testimony or other information.

17. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18. This Protective Order shall survive the conclusion of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. This Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

 /s/ Andrew Miltenberg
Andrew T. Miltenberg, Esq. (admitted *pro hac vice*)
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
Counsel for Plaintiff

 /s/ Samuel D. Zurier
Samuel D. Zurier, Esq. (Bar No. 3576)
55 Dorrance Street, Suite 400
Providence, RI 02903
Local Counsel for Plaintiff

_/s/ Steven Richard_
Steven M. Richard, Esq. (Bar No. 4403)
Nixon Peabody, LLP
One Citizens Plaza, #500
Providence, RI 02903
Counsel for Defendant

Dated: April 28, 2016

~~CHIEF JUDGE WILLIAM E. SMITH~~
U.S. MAG JUDGE LINCOLN ALMOND