UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
JOHN DOE,                     )
                              )
        Plaintiff,            )
                              )
    v.                        )    C.A. No. 15-144 S
                              )
BROWN UNIVERSITY,             )
                              )
        Defendant.            )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's appeal from Magistrate Judge Lincoln D. Almond's January 12, 2017 Order denying the part of Plaintiff's Motion to Compel that sought production—in unredacted form—of the documents that Defendant had submitted to the U.S. Department of Education's Office of Civil Rights ("OCR") regarding a sexual assault complaint filed by Lena Sclove. This Court had previously memorialized the parties' prior agreement that Defendant would produce "all documents and communications, including emails and letters, that Brown exchanged with the [OCR] regarding complaints of sexual misconduct" as part of an Order that addressed and resolved various discovery disputes.[1] Defendant apparently produced many

---

[1] Aug. 26, 2016 Order 2, ECF No. 53.

documents pursuant to its agreement with Plaintiff, but redacted several pages within two specific sets of correspondence with the OCR. These two sets of correspondence became the basis for one part of Plaintiff's subsequent Motion to Compel; the Magistrate Judge's ruling on this part of the motion is at the heart of the instant appeal.[2]

In this Motion to Compel, Plaintiff argued that he is entitled to the unredacted correspondence with the OCR regarding Lena Sclove because "the Lena Sclove case served as a catalyst for several events that are relevant to the way Brown University handled [his] case."[3] Plaintiff also argued that the redacted portions of the documents produced may reflect evidence of prior disciplinary practices, which may have changed after Lena Sclove's public criticism of them, and that the correspondence might show violations of the Sclove-case respondent's due process rights similar to those claimed by Plaintiff in this case.

Defendant objected to Plaintiff's Motion to Compel, asserting that "[t]here is no justifiable need to require Brown

---

[2] Plaintiff's Motion to Compel included two other discovery requests, but Plaintiff only appeals from the part of Magistrate Judge Almond's Order that denies his request for the documents discussed herein.

[3] Pl.'s Mem. in Supp. of Mot. to Compel 6, ECF No. 56-1.

2

to disclose the redacted sections for purposes of completing factual discovery in this litigation" because the redacted portions of the produced documents provide detail for multiple complaints and disciplinary cases that are unrelated to Plaintiff's case.[4] Defendant also asserted that, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), it could not disclose any records that contain information from which a student could be identified without either a court order or subpoena along with notice to the specific student(s) involved, or express consent from the student. In his reply, Plaintiff argued for the first time that Magistrate Judge Almond should either review the unredacted documents in camera or require Defendant to produce a privilege or redaction log.

After reviewing the parties' submissions, the prior rulings in this case, and the applicable scope of delivery pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, Magistrate Judge Almond denied this part of Plaintiff's Motion to Compel.[5]

In his appeal, Plaintiff requests that the Court order Defendant to promptly produce a privilege and redaction log as

---

[4] Def.'s Mem. in Supp. of Obj. 12, ECF No. 59-1.

[5] Jan. 12, 2017 Text Order.

3

to all documents in the litigation and to produce unredacted copies of the OCR documents for the Court to review in camera. The Defendant argues that the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law, and that Plaintiff's request for a privilege and redaction log or in camera review of the documents extends his Motion to Compel beyond that which was initially argued. Defendant also reiterates that Plaintiff is already in possession of some of the information it seeks from the OCR documents because Plaintiff has a chart detailing all of Defendant's proceedings related to student sexual misconduct from the 2004-05 academic year through Autumn 2014.

The Court's role in this appeal is circumscribed by 28 U.S.C. § 636. A district judge may only reconsider a magistrate judge's pretrial ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[6] The Court "must accept both the [magistrate judge's] findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [it] 'form[s] a strong, unyielding belief that a mistake has been made.'"[7]

---

[6] 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

[7] Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (quoting Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990)).

After carefully considering the parties' arguments and the record in this case, there is simply no basis for the Court to conclude that the Magistrate Judge clearly erred when he declined to compel Defendant to produce the unredacted form of the OCR documents. The Court notes that Plaintiff does not contend that the Magistrate Judge was clearly wrong but simply requests that this Court choose to decide the motion differently than the Magistrate Judge. Magistrate Judges play a "pivotal role . . . in overseeing the conduct of the sort of complex pretrial discovery typified by this case."[8] The Court will not second-guess the magistrate judge's pre-trial discovery rulings simply because a different conclusion could have been drawn.[9] In addition, the Court notes that Plaintiff's argument with respect to Defendant's failure to provide a privilege or redaction log as well as his request that the Court review the documents at issue in camera were raised for the first time in Plaintiff's Reply Memorandum in Further Support of his Motion to Compel. Our local civil rules of procedure are clear that "[a] reply

---

[8] Ferring Pharm. Inc. v. Braintree Labs., Inc., 168 F. Supp. 3d 355, 358 (D. Mass. 2016) (quoting Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012)).

[9] Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004).

memorandum shall consist only of a response to an objection and shall not present additional grounds for granting the motion . . . ."[10]

The Court therefore DISMISSES Plaintiff's appeal (ECF No. 63) from Magistrate Judge Almond's January 12, 2017 Order denying the part of Plaintiff's Motion to Compel that sought the production of unredacted OCR correspondence from Defendant.
IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: April 13, 2017

---

[10] DRI LR 7(b)(2); see Pratt v. United States, 129 F.3d 54, 62 (1st Cir. 1997) (noting that arguments not advanced and in the appellant's opening brief are deemed waived).