UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN DOE                                          :
                                                  :
    v.                                            :   C.A. No. 15-144S
                                                  :
BROWN UNIVERSITY                                  :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) are Plaintiff's Motion to Compel (Document No. 67) and Non-party Jane Doe's related Motion for Protective Order (Document No. 72). A hearing was held on May 8, 2017.

Both Motions arise out of a limited dispute as to the scope of psychotherapist privilege claimed by Ms. Bita Shooshani. Ms. Shooshani is a licensed mental health counselor currently employed by Brown University as a psychotherapist. From 2011 to 2014, she was employed by Brown University in the position of Coordinator of Sexual Assault Prevention and Advocacy ("SAPA"). Her job responsibilities as SAPA Coordinator were (1) "education and prevention;" (2) "offering support counseling for students that were impacted by sexual or relationship violence;" and (3) "advocacy." (Document No. 68-3 at p. 12).

In her capacity as SAPA Coordinator, Ms. Shooshani communicated with Jane Doe, the Complainant in the underlying student disciplinary matter. She also served as Jane Doe's "University Advocate" during the November 21, 2014 Student Conduct Board ("SCB") hearing.[1]

**Discussion**

---

[1] According to the Code of Student Conduct, a Complainant such as Jane Doe may be accompanied by a University Advocate during an SCB hearing involving a charge of sexual misconduct to be present "only for the purpose of providing support to the complainant and will not participate in the hearing."

The parties do not dispute that counseling communications between a psychotherapist and patient are privileged under federal law and treated as confidential health care information under Rhode Island law.  See Jaffee v. Redmond, 518 U.S. 1, 15 (1996); and R.I. Gen. Laws §§ 5-37.3-1, et seq. and 9-17-24.  After distilling the parties' arguments, the dispute raised by these Motions is essentially limited to the discoverability of one-on-one communications between Jane Doe and Ms. Shooshani.  Plaintiff argues that Ms. Shooshani's position combined a number of roles and that "[d]iscovery to date supports the inference Ms. Shooshani may have been instrumental in helping Ms. Doe develop her case against John Doe, outside of any counseling or therapy she may have provided…." (Document No. 74-1 at p. 2).  Thus, Plaintiff argues that "it is neither lawful nor fair to John Doe for the Court to throw a limitless cloak of privilege over every aspect of the communications between Bita Shooshani and Jane Doe."  Id.

From my review of Ms. Shooshani's deposition testimony and the factual context as set forth in the parties' submissions, it is clear that Ms. Shooshani provided one-on-one counseling to Jane Doe which is privileged from disclosure under federal law and confidential health care information under Rhode Island law.  However, the waters are somewhat muddied by the fact that Jane Doe also chose Ms. Shooshani to be her University Advocate at the SCB hearing.  While the Code of Student Conduct clearly provides that the University Advocate may be present only to provide "support" to a complainant such as Jane Doe (which is entirely consistent with her counseling role), it precludes the University Advocate from participating in the hearing.  Here, Plaintiff alleges in his Complaint that Ms. Shooshani "regularly communicated with [Jane Doe] and participated in the hearing."  (Document No. 1 at ¶ 65).  In addition, Plaintiff now corroborates that allegation with the sworn deposition testimony of his counsel who was present and observed the SCB hearing.  He testified that he recalled that Ms. Shooshani "whispered in

[Jane Doe's] ear and spoke with her throughout the hearing." (May 2, 2017 Deposition of Matthew Dawson, Esquire at pp. 36-37). He testified that he assumed that the University Advocate was telling Jane Doe what to say based on his observation that Ms. Shooshani was whispering in Jane Doe's ear while she was asking questions or giving her statement and then Jane Doe was talking. Id.

While it is not my role to resolve the factual dispute as to whether or not Ms. Shooshani violated the Code by "participating" in the SCB hearing, it is an allegation in this case and one, at least circumstantially, supported by the observations of Mr. Dawson. In addition, these alleged interactions between Jane Doe and Ms. Shooshani during the course of the SCB hearing cannot reasonably be considered to be privileged mental health counseling. Accordingly, I conclude that Plaintiff may not discover the contents of any one-on-one communications between Jane Doe and Ms. Shooshani with the exception that Plaintiff may inquire of Ms. Shooshani as to the contents of her communications with Jane Doe during the course of the SCB hearing.

For the foregoing reasons, Plaintiff's Motion to Compel (Document No. 67) and Non-party Jane Doe's Motion for Protective Order (Document No. 72) are GRANTED in part and DENIED in part as provided herein.

SO ORDERED

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 10, 2017