UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
JOHN DOE,                      )
                               )
        Plaintiff,             )
                               )
    v.                         )    C.A. No. 15-144 WES
                               )
BROWN UNIVERSITY,              )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM AND ORDER**

This case is before the Court on two motions: Plaintiff John Doe's to amend his complaint (ECF No. 85), and Defendant Brown University's to amend the Court's scheduling order (ECF No. 86). For the reasons stated below, Plaintiff's motion is denied, and Defendant's motion granted.

**DISCUSSION**

I.  Doe's Motion

Plaintiff John Doe filed his initial complaint on April 13, 2015, alleging unlawful defects in the administration and outcome of the disciplinary proceedings that ultimately found Doe responsible for sexual assault. Compl. 1-47, ECF No. 1. On May 22, 2015, Brown moved to dismiss the complaint, Def.'s Mot. to Dismiss Compl. 1, ECF No. 10, and this Court issued its decision on that motion on February 22, 2016, Doe v. Brown Univ., 166 F. Supp. 3d

177 (D.R.I. 2016). Consistent with the Court's scheduling order, the parties completed fact discovery on July 14, 2017. Text Order Granting ECF No. 76 Mot. to Am. Deadlines (May 25, 2017). The latest scheduling order has, among other dates, November 14, 2017, as the deadline for the parties to complete expert discovery and for Brown to submit its summary judgment motion. Text Order Granting ECF No. 84 Mot. to Revise Pretrial Order (August 17, 2017).

Doe moved to amend the complaint to add "four new contract-based claims" on October 16, 2017. Pl.'s Mem. in Supp. of Mot. to Am. Compl. 1, ECF No. 85-2. He claims his motion was "based on a review of the Court's decision on the Motion to Dismiss, information developed in discovery[,] and the Court's decision in a case decided last year." Id. (citations omitted). Federal Rule of Civil Procedure 15(a)(2) states that a motion to amend a complaint "should [be] freely give[n] when justice so requires." The breadth offered plaintiffs by Rule 15(a)(2) is not unbounded, however. See Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013) ("The rule does not mean that a trial court must mindlessly grant every request for leave to amend.") (alteration and quotations omitted)).

Indeed, "[u]ndue delay is a permissible ground for denying leave to amend, and when a considerable period of time has passed between the filing of the complaint and the motion to amend, courts

have placed the burden upon the movant to show some valid reason for his neglect and delay." U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc., 750 F.3d 111, 119-20 (1st Cir. 2014) (citations and quotations omitted); see also Calderón-Serra, 715 F.3d at 19 (noting that other reasons to deny leave include "bad faith, futility, or the absence of due diligence on the movant's part" (alteration omitted)). Whether a considerable period has passed in any particular case depends on the circumstances, see Kay v. N.H. Democratic Party, 821 F.2d 31, 34 (1st Cir. 1987), but courts regularly find that periods between twelve and twenty-four months considerable, see, e.g., Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998) (affirming denial of leave after fifteen-month delay); Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir. 1995) (fourteen-month delay); Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (seventeen-month delay).

Here, the period between when Doe filed his initial complaint and when he moved to amend was over thirty months, see Pl's. Compl. 47; Pl's. Mot. to Am. Compl. 2, doubtless a considerable period under First Circuit precedent, see, e.g., Acosta-Mestre, 156 F.3d at 52, and one for which Doe has not provided a valid excuse. Indeed, the primary stimuli[1] for Doe's motion – the Court's

---

[1] In his second memorandum in support of his motion, Doe argues that the proposed amended complaint was "shaped at least in

3

decision on Brown's motion to dismiss and that after a bench trial in a similar case – occurred over eighteen and twelve months ago, respectively. See Doe v. Brown Univ., 166 F. Supp. 3d 177 (D.R.I. 2016) (motion to dismiss); Doe v. Brown Univ., 210 F. Supp. 3d 310 (D.R.I. 2016) (bench trial).

Moreover, the allegations in the latter case, sounding in contract, were far from novel, Doe v. Brown Univ., 210 F. Supp. 3d at 330-31, and relied on similar, recently decided cases brought against colleges and universities, see, Havlik v. Johnson & Wales Univ., 509 F.3d 25 (1st Cir. 2007); Doe v. Brandeis Univ., 177 F. Supp. 3d 561 (D. Mass. 2016). To the extent, if any, that this Court's decision in the bench trial and that on Plaintiff's motion to dismiss added grist to the mill, there was more than enough time for Doe to amend his complaint after considering the import of these decisions, without waiting until three months after the conclusion of fact discovery. Cf. Kay, 821 F.2d at 34 (affirming denial of leave where plaintiff waited three months after dismissal

---

part by information derived in discovery." Pl.'s Reply Mem. in Further Supp. of Mot. to Am. Compl. 6, ECF. No. 89. But while it may be true that discovery taken some time after the decision on Brown's motion to dismiss helped sharpen Doe's understanding of his case, the Court finds that the information Doe had after perusing that decision provided basis enough – or should have so provided – to amend his complaint shortly thereafter. See Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000) ("What the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice requires leave to amend [the complaint] under [Fed. R. Civ. P. 15(a)].").

of initial complaint to file motion to amend, and where plaintiff's reason for delay was, in part, that he needed time to adjust complaint to cases cited in district court's dismissal).

The circumstances of this case – specifically the fact that (1) Doe waited thirty months after filing his initial complaint to move for amendment; (2) he had all he needed to inform his proposed amendment at least twelve months ago; (3) fact discovery has closed; and (4) Brown's summary judgment motion is due presently – make the proper course denial of Doe's motion.

**II. Brown's Motion**

Brown has moved to extend the deadline by which to file its summary judgment motion and by which to conclude expert discovery from November 14, 2017, to November 30, 2017. Def's. Mot. to Am. Scheduling Order 1-3. The reasons for its doing so are the uncertainty introduced by Doe's motion to amend and the potential for delay caused both by Brown's lead outside counsel's participation in a trial and by potential logistical issues with taking expert deposition testimony. Id. Doe assents to Brown's motion on the condition that Brown agree to a date to continue the deposition of Bita Shooshani. Pl.'s Conditional Assent to Mot. to Am. Scheduling Order 1, ECF No. 88.

The Court grants Brown's motion without condition, but with the expectation that the parties will find a mutually agreeable time to continue Ms. Shooshani's deposition. See O'Connell v. Hyatt

Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004) ("[T]he court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting Advisory Committee Notes to the 1983 Amendments of Fed. R. Civ. P. 16(b)). The deadlines in the current scheduling order are therefore modified to comport with those proposed in Brown's motion. Def's. Mot. to Am. Scheduling Order 3.

## CONCLUSION

For these reasons, Doe's motion (ECF No. 85) is DENIED, and Brown's motion (ECF No. 86) GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: November 9, 2017