UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
-----------------------------------------------------------------X
JOHN DOE,                                        :   Civ. No. 15-cv-00144-S-LDA
                                                 :
                Plaintiff,                       :
                                                 :
        -against-                                :
                                                 :
BROWN UNIVERSITY                                 :
  in Providence in the State of Rhode Island     :
  and Providence Plantations,                    :
                                                 :
                Defendant.                       :
-----------------------------------------------------------------X
```

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE
(DEAN SUAREZ INTAKE NOTES)**

Plaintiff John Doe submits this Memorandum in support of his motion *in limine* to exclude from the trial record a set of intake notes prepared by Dean Suarez, previously filed (under seal) with the Court as Exhibit 21 to Defendant Brown University's Statement of Undisputed Facts, CM/ECF 98-13 and attached hereto as Exhibit A (filed under seal). As argued below, the Court should exclude these notes from the trial record because (1) they were not made a part of Defendant's investigation, (2) they were prepared for the purpose of providing Plaintiff with support during the investigation, not for the purpose of investigating him and (3) they were prepared after Defendant refused Plaintiff's request to make an audio recording of the meeting.

I.   Background

During the time of Plaintiff's enrollment at Brown University, Maria Suarez served as Associate Dean and Director of Student Support Services. Exhibit B (Deposition of Dean Suarez conducted March 8, 2017; filed under seal), p. 17, lines 17-24. During Defendant's

1

investigation, Dean Suarez served as John Doe's "support dean," Exhibit B, p. 52, lines 2-4. In this role, Dean Suarez assisted John Doe in obtaining academic accommodations, such as extensions on papers and excused absences. Exhibit B, p. 88, lines 7-13.

Dean Suarez first met John Doe on a Sunday morning at her office. Exhibit B, p. 97, lines 16-20. Dean Castillo also attended the meeting. *Id.* Dean Suarez's role was "to be there for the student . . . a second set of ears for the student, [to] help them process." *Id.*, p. 100, lines 16-18. Dean Suarez had no role in the decision to remove John Doe from campus; instead, her "role there is as a student support team [sic] primarily for the student [John Doe]." *Id.*, p. 108, lines 2-9, 13-14.

As part of the meeting, Dean Suarez prepared an "intake form." Exhibit A. She asked John Doe to fill out the top portion of the form with identifying information, lists of classes he was taking, and so on. Exhibit B, p. 112, lines 17-22. She apparently then wrote down some notes. After their meeting, she placed her notes in a file. *Id.*, p. 113, lines 22-24. She did not provide the notes to Dean Castillo, Vice President Klawunn or anyone else. *Id.*, p. 114, lines 5-17. She did not discuss her views of the case with anyone. *Id.*

II.     Argument

As part of its Statement of Undisputed Facts, Defendant presented Dean Suarez's intake form as evidence of the content of John Doe's statements at the Sunday morning meeting. *See* CM/ECF 95, pp. 22-23, ¶89. According to Dean Suarez's testimony, she attended the meeting to provide John Doe with support, not to investigate the allegations against him. *See* p. 2, *supra*. Her notes were not used by Dean Castillo or Vice President Klawunn (who managed the student

conduct investigation), the Brown University Campus Police (which conducted its own investigation) or the Student Conduct Board (which conducted the disciplinary hearing).

Dean Suarez was not interviewing John Doe for the purpose of investigating the incident, and her notes were not taken for the purpose of making a record of Plaintiff's statements. She did not share her notes with the University officials investigating the incident; indeed, Dean Suarez did not share her intake form with anyone else at all. Under these circumstances, Plaintiff moves *in limine* to exclude them from the trial record because the probative value is exceeded by the prejudice that the introduction of these notes could cause.[1]

III. <u>Conclusion</u>

For these reasons, Plaintiff moves that the Court rule *in limine* to exclude from the record the intake notes prepared by Dean Suarez as evidence of the content of Plaintiff's statements made at the October 19, 2014 meeting.

---

[1] Plaintiff also files today with the Court a Motion *in limine* to exclude from the record any description of Plaintiff's statements made to Deans Suarez and Castillo-Appollonio at the October 19 morning meeting due to the fact they his statements were not the basis for either (i) Vice President Klawunn's removal order, (ii) the decision, after an investigation, to charge Plaintiff with offenses to be heard by the Student Conduct Board or (iii) the Student Conduct Board's decision. The reasoning supporting the second Motion also supports this one *a fortiori*.

                                        Respectfully submitted,

                                        Plaintiff John Doe,
                                        By his attorneys,

                                        NESENOFF & MILTENBERG, LLP
                                        *Attorneys for Plaintiff John Doe*

                                        By: /s/ Andrew T. Miltenberg
                                        Andrew T. Miltenberg, Esq.(admitted *pro hac vice*)
                                        Tara Davis, Esq. (admitted *pro hac vice*)
                                        363 Seventh Avenue, Fifth Floor
                                        New York, New York 10001
                                        (212) 736-4500
                                        tdavis@nmllplaw.com
July 27, 2018                    amiltenberg@nmllplaw.com

                                                  -and-

                                        local counsel for Plaintiff John Doe,

                                        By: /s/ Samuel D. Zurier
                                        Samuel D. Zurier, Esq. (Bar No. 3576)
                                        55 Dorrance Street, Suite 400
                                        Providence, RI 02903
                                        (401) 861-0200
July 27, 2018                    sdz@zurierlaw.com

## CERTIFICATE OF SERVICE

     I hereby certify on this 27th day of July, 2018, I served a copy of this Memorandum on Defendants' counsel via the Court's CM/ECF system.

                                /s/    Samuel D. Zurier, Esq.