## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

```
---------------------------------------------------------------X
JOHN DOE,                                        :        Civ. No. 15-cv-00144-S-LDA
                                                 :
                        Plaintiff,               :
                                                 :
            -against-                            :
                                                 :
BROWN UNIVERSITY                                 :
   in Providence in the State of Rhode Island    :
   and Providence Plantations,                   :
                                                 :
                        Defendant.               :
---------------------------------------------------------------X
```

### PLAINTIFF'S RESPONSE/REPLY IN FURTHER SUPPORT OF MEMORANDUM CONCERNING THE USE OF PSEUDONYMS AT TRIAL

Plaintiff John Doe submits this Memorandum in response to Brown University's memorandum (ECF 129) and in further support of his memorandum concerning the use of pseudonyms at trial (ECF 124-1). The grounds cited by Brown in support of its argument for removal of pseudonyms at trial are without merit and are not applicable to the instant case. Even if Plaintiff receives a favorable verdict in the trial of this matter, and even if he were ultimately able to obtain a "clean" transcript from Brown, requiring him to disclose his name will nonetheless result in significant damage to his academic and career prospects as his name will forever be associated with a charge of sexual misconduct. For the reasons argued in his initial motion (ECF 3-1) and opening memorandum (ECF 124-1), and as explained further below, Plaintiff (as well as his family members and other student witnesses) should be permitted to remain anonymous through the trial of this action.

## I.      The circumstances of this case override the presumption against anonymity.

The presumption in favor of openness in judicial proceedings is "not an absolute, unreviewable license to deny" a party's request to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Instead, a trial court must exercise its discretion in determining whether anonymity is warranted under the circumstances of the particular case. In recent years, courts across the country have recognized that cases challenging university disciplinary proceedings present the type of "extraordinary circumstances" that permit this "rare dispensation" to be afforded. *See* Defendant's Memorandum at pp. 15-16. *See also Doe v. Marymount Univ.,* 297 F. Supp. 3d 573 (E.D. Va. 2018); *Doe v. Amherst Coll.,* 238 F. Supp. 3d 195 (D. Mass. 2017); *Doe v. Cummins*, 662 F. App'x 437 (6th Cir. 2016); *Doe v. Univ. of S. California,* 246 Cal. App. 4th 221, 200 Cal. Rptr. 3d 851 (2016), *reh'g denied* (May 2, 2016), *review denied* (Aug. 10, 2016); *Doe v. Ohio State Univ.,* 239 F. Supp. 3d 1048 (S.D. Ohio 2017); *Doe v. Brown Univ.,* 166 F. Supp. 3d 177 (D.R.I. 2016); *Doe v. W. New England Univ.,* 228 F. Supp. 3d 154 (D. Mass. 2017); *Doe v. Miami Univ.,* 882 F.3d 579 (6th Cir. 2018); *Doe v. Trustees of Boston Coll.,* 892 F.3d 67 (1st Cir. 2018); *Doe v. Univ. of Cincinnati*, 173 F. Supp. 3d 586 (S.D. Ohio 2016); *Doe v. Univ. of Chicago,* No. 16 C 08298, 2017 WL 4163960, at *1 (N.D. Ill. Sept. 20, 2017). Evidently, requiring a plaintiff to disclose his identity is the exception rather than the rule in cases of this nature.

The cases cited by Brown acknowledge the court's obligation to review the particular circumstances of each case in weighing the party's stated interest in anonymity against the public's interest in openness. *See Doe v. Public Citizens,* 749 F.3d 246, 274 (4th Cir. 2014) ("We therefore hold that, when a party seeks to litigate under a pseudonym, a district court has an obligation to ensure that extraordinary circumstances support such a request by balancing the

party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party"); *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185 (2d Cir. 2008) (holding District Court failed to apply correct legal standard in determining whether to permit request for pseudonym); *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993) (finding trial court abused discretion in denying anonymity request: "though the general presumption of openness in judicial proceedings applies to party anonymity as a limited form of closure, it operates only as a presumption and not as an absolute, unreviewable license to deny. The rule rather is that under appropriate circumstances anonymity may as a matter of discretion, be permitted"); *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) ("many federal courts…have permitted parties to proceed anonymously when special circumstances justify secrecy"); *Plaintiff B. v. Francis,* 631 F.3d 1310, 1315-16 (11th Cir. 2011) (the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns"; "the rule is not an absolute").

The cases cited by Brown in which the party requesting anonymity was not permitted to proceed pseudonymously are distinguishable. For instance, in denying the plaintiff's request, the District Court in *Rose v. Beaumont Independent School District* addressed the plaintiff's involvement in promoting media coverage concerning her claims of sexual assault. In addition to participating in an interview with the local newspaper, numerous members of the community were already aware of her true identity. *Rose v. Beaumont Indep. Sch. Dist.,* 240 F.R.D. 264, 268 (E.D. Tex. 2007). In contrast, Plaintiff in this matter has since the initiation of this lawsuit kept his identity confidential.

The decisions denying the use of pseudonyms in *Doe v. Indiana Black Expo, Inc.* (923 F. Supp. 137, 141-42 (S.D. Ind. 1996)), *Southern Methodist Univ. Assn. of Women Law Students v. Wynne & Jaffe,* (599 F.2d 707, 713 (5th Cir. 1979)) and *Doe v. Shakur* (164 F.R.D. 359, 361 (S.D.N.Y. 1996)) are not persuasive as none of them involved a student's challenge to university disciplinary proceedings relating to allegations of sexual misconduct. Further, each of these matters occurred well before today's ubiquitous nature of the Internet made it possible for anyone to obtain information about a plaintiff via a simple online search. Disclosure of the names of students accused of sexual misconduct in recent years has yielded demonstrable damages to their reputations, regardless of the ultimate findings. Should Plaintiff here be required to disclose his name at trial, his fear of similar public attention and ridicule is therefore not unreasonable and weighs in favor of maintaining his anonymity.

## II.     Public disclosure of Plaintiff's name will subject him to the very harm he seeks to rectify through commencement of this lawsuit.

Plaintiff disputes that the academic and economic harm caused by a negative transcript notation will be eradicated if Plaintiff is ultimately successful in this lawsuit. As noted by Dr. Suzanne Miller in her expert report dated August 2017 and supplemental report dated August 2018 (ECF 133-3), even a court-ordered removal of the institutional action "will still not increase [John Doe's] chances of acceptance to medical school to pre-suspension probabilities because he must include the charges and suspension on his application regardless of the court findings- it will always tarnish his reputation…" (Miller Report, p. 23). Any claim that a mere removal of the disciplinary notation from his transcript will restore Plaintiff to his pre-suspension status is patently untrue.

This same sentiment was recognized by the District Court of New Hampshire in *Doe v. Trustees of Dartmouth College*. The Court was on point in concluding: "Thus, this is not a case

where, far from damaging plaintiff's reputation, the litigation will afford plaintiff an opportunity to clear his name in the community. Plaintiff has a reasonable fear that, whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment, and will defeat the very purpose of this litigation." *Doe v. Trustees of Dartmouth Coll.,* No. 18-CV-040-LM, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (internal quotations and citations omitted). This factor similarly weighs in favor of permitting Plaintiff to remain anonymous through the trial of this action.

### III. Publicly naming Plaintiff would add an additional, potentially insurmountable, hurdle to Plaintiff's goal of attending medical school.

Requiring Plaintiff to disclose his identity at the trial of this matter would add an additional, potentially insurmountable, hurdle to Plaintiff's chances of gaining admission to medical school. Specifically, in deciding whether to offer Plaintiff admission, medical school admissions committees would inevitably consider the potential ramifications of admitting a student whose name is publicly associated with an accusation of sexual misconduct, regardless of the ultimate outcome. Brown's decision finding Plaintiff responsible for sexual misconduct has already caused irreparable damage to Plaintiff's chances of attending medical school, and even greater damage to his chances of attending a "top-10" school, to which he likely would have gained acceptance absent the mark. (*See* Miller Report, August 2018).

In contrast, if Plaintiff's record from Brown were cleared today, though he would still be required to report the allegations, this disclosure would be made in a confidential medical school application. It is not unreasonable to presume that a medical school would be less willing to consider an applicant who has been publicly identified as having been accused of sexual misconduct. Doing so would carry a risk of negative publicity and/or campus outcry, even if school officials are privately convinced that Plaintiff is not a safety risk. Thus, even if Plaintiff

5

ultimately prevails, an open trial would add an additional hurdle—namely, medical schools considering Plaintiff's application would be forced to deal with the negative consequences of admitting an accused student whose name is publicly associated with the alleged offense. If he is successful in this action, Plaintiff is entitled to be placed in as good a position as he would have been had the sanction never been imposed. *See Ins. Brokers W., Inc. v. Liquid Outcome, LLC*, 241 F. Supp. 3d 339, 345 (D.R.I.), *aff'd*, 874 F.3d 294 (1st Cir. 2017). Requiring him to disclose his name will prevent him from receiving the full remedy to which he would be entitled, given the way medical schools view such institutional action.

### IV.   Permitting the parties to proceed pseudonymously will not impact the jury's assessment of the harm caused to Plaintiff.

While Plaintiff disputes that a jury would construe the Court's permission to use pseudonyms at trial as an indication of its position regarding the damages suffered, any such concerns are easily allayed. First, a jury instruction could clearly outline the grounds for permitting Plaintiff to proceed under a pseudonym, which is uninfluenced by the Court's own opinions concerning the merits of the case. Second, Brown will be permitted at trial to thoroughly cross examine Plaintiff before the jury about any personal matter put into issue by his claims and the evidence, including those going towards both liability and damages. Regardless of whether Plaintiff's name is disclosed, a jury will be able to personally observe Plaintiff, his demeanor, his testimony and then make its own credibility assessments and conclusions related to Plaintiff's claims. Revelation of his identity will not impact a jury's analysis of the evidence in any way.

**V.     Plaintiff's Title IX erroneous outcome claim will necessarily involve a discussion concerning the underlying sexual encounter, a highly sensitive subject.**

Brown argues that a pseudonym is not warranted as the trial will not focus on the details of the sexual encounter that was the basis for the disciplinary action. However, the presentation of Plaintiff's case will necessitate a discussion of the underlying sexual encounter that precipitated the charges against Plaintiff. Specifically, in order to establish his Title IX erroneous outcome claim, Plaintiff will need to demonstrate that Brown's finding of responsibility was incorrect. Establishing Jane Doe consented will require a detailed discussion of every aspect of the sexual encounter, which has been considered "among the most intimate parts of one's life…" *Doe v. Trustees of Dartmouth Coll.,* at *5-6 (*citing to Doe v. Blue Cross & Blue Shield of R.I.,* 794 F. Supp. 72, 74 (D.R.I. 1992) (internal citations omitted)). Here, both Plaintiff's and Jane Doe's interest in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names. *See Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000).

**VI.    There is no particular public interest in learning Plaintiff's identity.**

Finally, Plaintiff should not be required to disclose his identity as there is nothing about his status that would invite particular interest from the public, nor is there any concern that he would receive preferential treatment from the Court. Regardless of whether Plaintiff's identity is disclosed, the public will still be able to learn the nature of his allegations, the defenses presented by Brown and the outcome of the trial. In this instance, permitting Plaintiff, and the other student witnesses,[1] to remain anonymous will not deprive the public of their right to openness in judicial

---

[1] In submitting there would be no difficulty in permitting all student witnesses to remain anonymous except for Plaintiff, Brown fails to recall how pseudonyms were maintained in the 2016 trial of *John Doe v. Brown University* wherein "the parties agreed to use the students' true

proceedings. Indeed, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981). Given the interests served by open trials, "are not inevitably compromised by allowing a party to proceed anonymously" (*Id.*), Plaintiff should be permitted to proceed pseudonymously as the potential harms that could accrue as a consequence of the revelation of his identity outweigh the public's right to an open proceeding.

## VII.    Conclusion

Based on the foregoing, and in consideration of the balancing of relevant factors, Plaintiff respectfully requests that he be permitted to remain anonymous, under the pseudonym John Doe, through the trial of this matter, and that other family members and student witnesses also retain their anonymity.

Respectfully submitted,

Plaintiff John Doe,
By his attorneys,

NESENOFF & MILTENBERG, LLP
*Attorneys for Plaintiff John Doe*

By: /s/ Andrew T. Miltenberg
Andrew T. Miltenberg, Esq.(admitted *pro hac vice*)
Tara Davis, Esq. (admitted *pro hac vice*)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
August 17, 2018          tdavis@nmllplaw.com

---

first names at trial for the convenience of the witnesses"; *Doe v. Brown Univ.,* 210 F. Supp. 3d 310, 312 (D.R.I. 2016).

-and-

local counsel for Plaintiff John Doe,

By: /s/ Samuel D. Zurier
Samuel D. Zurier, Esq. (Bar No. 3576)
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-0200
sdz@zurierlaw.com

August 17, 2018

<u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 17th day of August, 2018, I served a copy of this Memorandum on Defendants' counsel via the Court's CM/ECF system.

<u>/s/    Andrew T. Miltenberg, Esq.</u>