UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
-------------------------------------------------------------X
JOHN DOE,                                   :   Civ. No. 15-cv-00144-S-LDA
                                            :
                          Plaintiff,        :
                                            :
         -against-                          :
                                            :
BROWN UNIVERSITY                            :
  in Providence in the State of Rhode Island :
  and Providence Plantations,               :
                                            :
                          Defendant.        :
-------------------------------------------------------------X
```

CONSENT DECREE AND FINAL JUDGMENT
REGARDING COUNT III OF PLAINTIFF'S COMPLAINT

I.     <u>Background</u>

     A.     Plaintiff John Doe enrolled as a freshman at Defendant Brown University in the Fall semester of 2013.

     B.     John Doe received a disciplinary suspension from Defendant Brown University in December, 2014 for a period of 2.5 years.

     C.     In April, 2015, John Doe brought this action to challenge the suspension and the underlying findings. In the Complaint, he alleges, among other things, that Defendant's procedures underlying the suspension violated his rights under Rhode Island contract law.

     D.     The Parties conducted discovery in this matter, and the Court called the matter ready for trial to begin on September 26, 2018.

     E.     The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the parties in good faith, that settlement of this matter without further litigation and without the adjudication of any issue of fact or law is appropriate

and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED AND DECREED:

II.   Jurisdiction

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, and also has personal jurisdiction over Defendant. Defendant shall not challenge entry of the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

III.   Statement of Purpose

2.   By entering into this Consent Decree, the mutual objective of the Parties is for the Defendant to take all necessary actions to remove the disciplinary suspension from Plaintiff's academic record as if it never occurred, to the fullest possible and legal extent.

IV.   Substantive Provisions

3.   The Court declares that the investigation and procedures related to the disciplinary suspension Defendant imposed upon John Doe breached his contractual rights under Rhode Island law and that the suspension and all findings are hereby null and void and expunged from Plaintiff's record, as if they had never occurred.

4.   Effective the date of entry of this Consent Decree by the Court, Defendant is ORDERED to vacate its disciplinary findings and the resulting sanction of suspension imposed against Plaintiff and expunge his record accordingly.

V.    Confidential Settlement Agreement

5.    The parties represent they have entered into a separate, confidential Settlement Agreement, the terms of which are not inconsistent with this Consent Decree. The parties stipulate that in the event of any conflict between the Consent Decree and the Confidential Settlement Agreement, the terms of this Consent Decree will control.

VI.   Final Judgment

6.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the parties. The Court enters this judgment as a final judgment under Fed.R.Civ.P. 58. This judgment is without an award of costs under Fed. R. Civ. P. 54(d).

*/s/ William E. Smith*

William E. Smith
Chief Judge
Date:  November 8, 2018

|  |  |
|---|---|
|  | For Plaintiff John Doe: |
|  | By his attorneys, |
|  | NESENOFF & MILTENBERG, LLP<br>*Attorneys for Plaintiff John Doe* |
|  | By: /s/ Andrew T. Miltenberg<br>Andrew T. Miltenberg, Esq. (admitted *pro hac vice*)<br>Tara Davis, Esq. (admitted *pro hac vice*)<br>363 Seventh Avenue, Fifth Floor<br>New York, New York 10001<br>(212) 736-4500<br>amiltenberg@nmllplaw.com |
| November 1, 2018 | tdavis@nmllplaw.com |
|  | -and- |
|  | local counsel for Plaintiff John Doe, |
|  | By: /s/ Samuel D. Zurier<br>Samuel D. Zurier, Esq. (Bar No. 3576)<br>55 Dorrance Street, Suite 400<br>Providence, RI 02903<br>(401) 861-0200 |
| November 1, 2018 | sdz@zurierlaw.com |

4

For Defendant Brown University:

By its attorneys,

NIXON PEABODY LLP
*Attorneys for Brown University*

By: /s/ Steven M. Richard (#4403)
Steven M. Richard
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI  02903
Tel: 401-454-1020
Fax: 401-454-1030
srichard@nixonpeabody.com

Dated: November 1, 2018

4834-4399-7304 2